FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

OCT -8 P 2: 20

| | |
|---|---|
| N5 TECHNOLOGIES LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 2:15CV447-RGD-RJK |
| ) | |
| BB&T CORPORATION ) | JURY TRIAL DEMANDED |
| ) | |
| and ) | |
| ) | |
| BRANCH BANKING AND TRUST COMPANY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff N5 Technologies LLC ("N5") files this complaint for patent infringement against Defendants BB&T Corporation and its subsidiary Branch Banking and Trust Company ("BB&T") (collectively, "Defendants").

## PARTIES

1. Plaintiff N5 is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its Registered Office and principal place of business at 10432 Balls Ford Road, Suite 300, Manassas, Virginia 20109.

2. On information and belief, Defendant BB&T Corporation is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 200 West Second Street, Winston-Salem, North Carolina, 27101, and it operates its retail banking business through subsidiary BB&T. Defendant BB&T Corporation may be served

through its registered agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, NC 27601.

3. On information and belief, Defendant BB&T (FDIC #: 9846), a wholly-owned subsidiary of BB&T Corporation, is a federally-chartered banking institution with its principal place of business and registered headquarters at 200 West Second Street, Winston-Salem, North Carolina, 27101. Defendant BB&T may be served through its registered agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, NC 27601. Defendant BB&T is present in this judicial district and may also be served through its registered agent, CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

4. N5 is the owner of U.S. Patent No. 7,197,297 to Myles, et al., titled "Authentication Method for Enabling a User of a Mobile Station to Access to Private Data or Services" ("the '297 Patent").

5. Defendants directly or indirectly distribute, market, sell and/or offer to sell throughout the United States, including in this judicial district, a banking product and/or service known as "Text Banking" through which the Defendants provide certain information to their customers and allow them to perform certain banking transactions or obtain account information through the use of mobile devices that can send and receive text messages.

## JURISDICTION AND VENUE

6. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. Defendants conduct substantial business in this judicial district and regularly solicit business from, do business with, and derive revenue from goods and services provided to customers in this district, and have committed acts of patent infringement in this judicial district and such acts are continuing. For example, and without limitation, Defendants have three hundred fifty-nine (359) branch locations in this state, including branch locations in this judicial district offering service to its account holders and potential customers, and Defendants' website is accessible to residents of this district. Because Defendants have committed acts of patent infringement in this judicial district, and/or are otherwise present and doing business in this judicial district, this Court has personal jurisdiction over Defendants.

9. Defendants are properly joined in this action because each of the Defendants directly or indirectly distributes, markets, sells and/or offers to sell throughout the United States, including in this judicial district, common banking products and/or services known as "Text Banking" that utilize the same infringing process. Thus, this action arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the distribution, marketing, selling and/or offering to sell Defendants' Text Banking service. Defendants' Text Banking service is offered and marketed at least at its branch locations in this judicial district and through its website at http://www.bbt.com/bbtdotcom/online-services/mobile-banking/mobile-text.page.

10. Because Defendants have committed acts of patent infringement in this judicial district and because Defendants provide services and/or products in this judicial district, do business in this judicial district, and otherwise have minimum contacts here, including but not limited to branch locations in this district in which account holders are instructed and encouraged

to perform the infringing Text Banking service, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,197,297

11. N5 realleges and incorporates herein by reference the allegations stated in paragraphs 1-10 of this Complaint.

12. After full and fair examination, the United States Patent and Trademark Office duly and legally issued the '297 Patent on March 27, 2007, to the inventors Colin Myles and Richard Owen. N5 is the owner by assignment of all right, title and interest in and to the '297 Patent, including the right to sue, enforce and recover damages for all past, present, and future infringements of the patent. A true and correct copy of the '297 Patent is attached as Exhibit A.

13. Defendants have infringed and are continuing to infringe, literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily and/or through the inducement of others, one or more claims of the '297 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States Text Banking products and services that are within the scope of at least claim 1 of the '297 patent, constituting infringement under 35 U.S.C. § 271 (a), (b), (c) and/or (g).

14. Defendants' direct infringement includes, without limitation, practicing the method of at least claim 1 of the '297 Patent. Specifically, Defendants' direct infringement includes, among other things, making, placing into service, and otherwise using a system by which account information is obtained by sending a text-based request that includes a user unique identifier and receiving a text-based response in return. The acts performed in practicing

the method of at least claim 1 of the '297 Patent are performed by Defendants directly and, if performed by third parties, are attributed to Defendants.

15. As a result of the activities described above, Defendants are liable for direct infringement of at least claim 1 of the '297 Patent under 35 U.S.C. § 271(a).

16. To the extent any fact finder concludes that Defendants do not literally satisfy any element of the claims of the '297 Patent, those elements are met under the Doctrine of Equivalents.

17. Alternatively and in addition to their liability for direct infringement of at least claim 1 of the '297 Patent, Defendants are also liable for indirectly infringing at least claim 1 of the '297 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and by contributing to direct infringement in violation of 35 U.S.C. § 271(c).

18. Defendants have been aware of the '297 Patent at least since service of the complaint in this action and their infringement is ongoing.

19. The direct infringement committed, induced, and contributed to by Defendants includes at least the continued use of Defendants' infringing Text Banking system by their account holders and vendors acting in combination with or under the instruction of Defendants.

20. Defendants commit direct infringement and encourage continued direct infringement of at least claim 1 of the '297 Patent by at least widely publicizing the infringing Text Banking service, conditioning the receipt of Text Banking services upon performance of steps of the patented method of the '297 Patent, instructing and encouraging their account holders to register for and use the infringing Text Banking system, and providing on their website tools and instructions for conducting the directly infringing use.

21. Defendants induce continued infringement by at least encouraging and instructing account holders and/or vendors to perform some or all of the claimed steps, while also performing certain of the steps themselves and in coordination with such performance by account holders and/or vendors.

22. Defendants' specific intent to cause their account holders and/or vendors to directly infringe is evident at least by their knowledge of the '297 Patent and from the striking similarity between the infringing Text Banking service and the claims of the '297 Patent. Both the '297 Patent and the infringing Text Banking service provide access to account information by sending a text-based request that includes a user unique identifier and providing the account information in a text-based response.

23. Defendants contribute to direct infringement of at least claim 1 of the '297 Patent by providing their account holders and/or vendors with component tools for operating and interacting with the infringing Text Banking service, including a list of commands for accessing account information. These commands are not staple articles of commerce and have no substantial non-infringing uses. They are a material component of and specifically designed to work with the infringing Text Banking service, and their only purpose is to interact with other elements of the Text Banking service in a manner that directly infringes at least claim 1 of the '297 Patent.

24. Defendants' acts of infringement have caused damage to N5 and N5 is entitled to recover from Defendants the damages sustained by N5 as a result of Defendants' wrongful acts in an amount subject to proof at trial, but in any event no less than a reasonable royalty. Defendants' infringement of N5's exclusive rights under the '297 Patent will continue to damage N5, causing irreparable harm for which there is no adequate remedy at law unless enjoined by

this Court. Defendants' ongoing infringement is willful and deliberate, as Defendants became aware of the infringing nature of their Mobile Banking products and services at the latest when they received a copy of N5's complaint, entitling N5 to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, N5 prays that it have judgment against Defendants for the following:

(1) Adjudging that Defendants have infringed the '297 Patent;

(2) Permanently enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association, active concert or participation with any of them, from further acts of infringement, contributory infringement or inducement of infringement of the '297 Patent;

(3) Awarding damages to N5, together with both pre-judgment and post-judgment interest;

(4) Awarding increased damages pursuant to 35 U.S.C. § 284;

(5) Finding that this action constitutes an exceptional case pursuant to 35 U.S.C. § 285;

(6) Awarding N5 all of its costs in this action, including attorneys' fees and expenses; and

(7) Awarding such other and further relief, at law or in equity, to which N5 is justly entitled.

## JURY DEMAND

N5 hereby demands a jury trial on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: 10/8, 2015

Respectfully submitted,

Wayne M. Helge
Virginia State Bar No. 71074
Gregory A. Krauss
Virginia State Bar No. 84839
Alan A. Wright
Virginia State Bar No. 46506
DAVIDSON BERQUIST JACKSON & GOWDEY LLP
8300 Greensboro Drive, Suite 500
McLean, VA 22102
Telephone: (571) 765-7700
Facsimile: (571) 765-7200
Email: whelge@dbjg.com
Email: gkrauss@dbjg.com
Email: awright@dbjg.com

*Attorneys for Plaintiff N5 Technologies LLC*